## City Avenue and Germantown Bridge. Williams's Appeal.

*Bridges—Freeing from toll—Acts of May 8, 1876, and May 26, 1893.*

The act of May 8, 1876, P. L. 131, entitled "An act to authorize the acquisition by the several counties of this commonwealth, for the use of the county, of bridges erected over rivers, creeks and rivulets, and for the abolition of tolls thereon," and the supplements of said act, are applicable to Philadelphia county, and are not affected by the act of May 26, 1893, P. L. 154, relating to the condemnation of bridges for public use.

Argued March 21, 1894. Appeal, No. 177, Jan. T., 1894, by David E. Williams, a taxpayer, from order of Q. S. Phila. Co., Dec. T., 1892, setting aside proceedings to free a bridge from toll. Before STERRETT, C. J., GREEN, McCOLLUM, DEAN and FELL, JJ. Reversed.

Petition to free bridge from toll.

On Dec. 28, 1892, David E. Williams and others presented a petition to the court of quarter sessions, representing:

1. That they were residents and taxpayers of the city and county of Philadelphia.

2. That the bridge owned by the City Avenue and Germantown Bridge Company, incorporated March 8, 1888, is erected over the Schuylkill river from a point in the city of Philadelphia near where City avenue intersects the said river to a point on the opposite side of said river, near where School Lane intersects Ridge avenue in said city.

3. That the said bridge was necessary for the accommodation of public travel, and that the payment of tolls over the said bridge was burdensome to the traveling public, and praying the court to appoint six disinterested persons to view said bridge and assess the damages, if any, that said company or corporation might sustain by the taking of the same.

On presentation of the said petition the court appointed, on Jan. 13, 1893, six disinterested persons to view said bridge and assess the damages according to law.

The jury reported, on July 14, 1893, in accordance with the act of assembly, that the bridge was necessary as a free bridge

for public accommodation, and that payment of tolls on the same was an unjust burden on the traveling public and the people of the townships or wards where the same is located.

They also reported that the bridge had cost $109,807.43 to build, and that the City Avenue and Germantown Bridge Company would sustain that amount of damage by reason of the taking of the same.

On Nov. 11, 1893, at the instance of the city, a rule was taken to show cause why the proceedings should not be set aside, which rule was made absolute Dec. 5, 1893, in an opinion by BIDDLE, J.

*Error assigned* was above order, quoting it.

*John G. Johnson, John S. Gerhard* with him, for appellants, cited: Acts of Feb. 2, 1854, P. L. 21 ; March 31, 1876, P. L. 13 ; Com. v. Oellers, 140 Pa. 457 ; Taggart v. Com., 102 Pa. 354.

*E. Spencer Miller,* assistant city solicitor, *Chas. F. Warwick,* city solicitor, with him, for appellee, cited : Acts of April 15, 1834, P. L. 539 ; April 13, 1843, § 1, P. L. 221 ; June 13, 1836, §§ 31, 35, P. L. 556 ; May 2, 1876, P. L. 96 ; May 8, 1878, P. L. 131 ; March 24, 1877, P. L. 40; May 25, 1878, P. L. 150 ; June 11, 1879, P. L. 130 ; April 17, 1866, P. L. 110 ; April 9, 1868, P. L. 73 ; May 26, 1893, P. L. 154 ; Batten v. Twp., 3 Clarke, 462 ; Cooper v. Twp., 8 Watts, 125; Twenty-eighth Street, 102 Pa. 140 ; Evans v. Phillipi, 117 Pa. 226.

OPINION BY MR. JUSTICE McCOLLUM, Oct. 22, 1894 :

The learned judge of the court of quarter sessions thought the act of May 8, 1876, " authorizing the acquisition by the several counties of this commonwealth, for the use of the county, of bridges erected over rivers, creeks and rivulets, and for the abolition of tolls thereon," was not applicable to Philadelphia county, because the legislature did not specifically declare it to be so. This thought appears to have had its origin in a supposition that the legislature, having knowledge of the change effected by the Consolidation Act, would have said that the act of May 8, 1876, was applicable to Philadelphia, if it was

intended that it should be.   But Philadelphia then was, and still is, one of " the several counties of this commonwealth," and, inasmuch as the act in question relates to the acquisition of bridges by them, there is no room on the face of it for an inference which denies to any county the privileges and powers conferred by it.   An intention to exclude Philadelphia county cannot be inferred or implied from the non-exclusion of it, or from anything in the title or body of the act.   What valid reason appeared to the legislature for withholding from Philadelphia county the power granted to other counties in relation to the acquisition of toll bridges ?   It was not, by any previous legislation, clothed with this power, and the city of Philadelphia was not.   It was qualified to exercise the power in conformity with the provisions of the act.   Why, in the presence of these facts, should it be assumed that the legislature intended to exclude Philadelphia county when it was obvious that such exclusion would materially abridge the powers and privileges of counties adjoining it in respect to the acquisition of bridges over streams constituting boundary lines between counties ?   We cannot find in the legislation or in the conditions then existing any satisfactory answer to this question in accord with the conclusion reached by the learned judge of the court below.   It is our opinion therefore that the act of May 8, 1876, was intended to apply to all the counties of the commonwealth.   No other view can be taken of it which is consistent with its title or its provisions.   In this view of the case we do not deem it necessary to determine whether other acts in relation to counties, to which the counsel for the appellee have called our attention, are or are not applicable to Philadelphia county, or whether the exclusion of it would have condemned the act in question as violative of the constitution.

What we have said in reference to the act of May 8, 1876, extends and applies to its supplements.   It is not claimed that this legislation is in any respect affected by the act of May 26, 1893, under which it is possible that the city of Philadelphia may condemn a bridge for public use.   The system provided by the act of 1876 and its supplements still remains and is applicable to Philadelphia county.

It follows from these views that the learned court below erred in making absolute the rule to set aside the proceedings

in this case. It had jurisdiction of the subject and should have heard and disposed of the application on its merits.

The order setting aside the proceedings is reversed and a procedendo awarded.